UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRULITE GLASS AND ALUMINUM SOLUTIONS, LLC,, <br><br> Plaintiff, <br><br> v. <br><br> GEOFF SMITH, TYRONE YOUNT, NATHAN WITKIN, BRYAN McNABB, PATRICK J. SHASBY, JR., and CALIFORNIA GLASS & MIRROR CORP., <br><br> Defendants. | No.  2:16-cv-01798 JAM AC <br><br><br> ORDER |

The court has considered the proposed protective orders submitted by the parties. See ECF Nos. 35-1 (plaintiff's Proposed Protective Order), 43 (defendants' Proposed Protective Order).  Good cause appearing, it is hereby ordered as follows:

PROTECTIVE ORDER.

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Court hereby enters the following Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public

disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 14.4, below, this Protective Order does not entitle the parties to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel: attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure through lawful means and under no obligation of confidentiality to the Designating Party or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection

1 initially asserted, that Designating Party must promptly notify all other parties that it is
2 withdrawing the mistaken designation.

3       5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order
4 (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
5 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
6 designated before the material is disclosed or produced.

7       Designation in conformity with this Order requires:

8       (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but
9 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
10 Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
11 EYES ONLY" to each page of a document that contains protected material.

12     A Party or Non-Party that makes original documents or materials available for inspection
13 need not designate them for protection until after the inspecting Party has indicated which
14 material it would like copied and produced.  During the inspection and before the designation, all
15 of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
16 ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants
17 copied and produced, the Producing Party must determine which documents, or portions thereof,
18 qualify for protection under this Order.  Then, before producing the specified documents, the
19 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
20 CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page of the documents that contain
21 Protected Material.

22       (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that
23 the Designating Party identify on the record, before the close of the deposition, hearing, or other
24 proceeding, all protected testimony and specify the level of protection being asserted.  When it is
25 impractical to identify separately each portion of testimony that is entitled to protection and it
26 appears that substantial portions of the testimony may qualify for protection, the Designating
27 Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)
28 a right to have up to 21 days to identify the specific portions of the testimony as to which

1 protection is sought and to specify the level of protection being asserted. Only those portions of
2 the testimony that are appropriately designated for protection within the 21 days shall be covered
3 by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the
4 deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript
5 shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
6 ONLY."

7 Parties shall give the other parties notice if they reasonably expect a deposition, hearing or
8 other proceeding to include Protected Material so that the other parties can ensure that only
9 authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"
10 (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition
11 shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY
12 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13 Transcripts containing Protected Material shall have an obvious legend on the title page
14 that the transcript contains Protected Material, and the title page shall be followed by a list of all
15 pages (including line numbers as appropriate) that have been designated as Protected Material and
16 the level of protection being asserted by the Designating Party. The Designating Party shall
17 inform the court reporter of these requirements. Any transcript that is prepared before the
18 expiration of a 21-day period for designation shall be treated during that period as if it had been
19 designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless
20 otherwise agreed. After the expiration of that period, the transcript shall be treated only as
21 actually designated.

22 (c) <u>for information produced in some form other than documentary and for any</u>
23 <u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
24 container or containers in which the information or item is stored the legend "CONFIDENTIAL"
25 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions
26 of the information or item warrant protection, the Producing Party, to the extent practicable, shall
27 identify the protected portion(s) and specify the level of protection being asserted.
28

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality

within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, including but not limited to employees, agents, contractors, vendors, paralegals, investigators, secretaries, and clerical personnel who are employed by and engaged in assisting such counsel in this proceeding and personnel of companies retained by such counsel to provide copying, document processing, e-discovery, and trial graphics services to whom it is reasonably necessary to disclose the

8

information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, , including but not limited to employees, agents, contractors, vendors, paralegals, investigators, secretaries, and clerical personnel who are employed by and engaged in assisting such counsel in this proceeding and personnel of companies retained by such counsel to provide copying, document processing, e-discovery, and trial graphics services to whom it is reasonably necessary to disclose the

information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4   Procedures for Approving or Objecting to Disclosure of "HIGHLY
      CONFIDENTIAL – ATTORNEYS' EYES ONLY   Information or Items
      <u>to Designated House Counsel or Experts.</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraph may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party

10

receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession

or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

In accordance with Federal Evidence Rule 502(d), except when a Party intentionally and expressly waives attorney-client privilege or work product protection by disclosing information to an adverse Party as provided in Federal Evidence Rule 502(a), the production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information. Further, the provisions of Federal Evidence Rule 502(b)(2) are inapplicable to the production of such information. If a Producing Party produces or otherwise discloses to a Receiving Party information that is subject to such privilege or immunity, the Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the disclosed information be returned. The Receiving Party shall return all copies or extracts of the produced information within 5 business days of receipt of the request. Any notes or summaries referring or relating to any produced privileged material shall be destroyed. Nothing in this Order shall preclude the Receiving Party returning the produced material from contesting the claim of attorney-client privilege or work product protection and seeking an order compelling the production of

13

information previously produced, but the Receiving Party shall not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. This Order does not preclude a Party from intentionally and expressly waiving the attorney-client privilege or work product protection, and the provisions of Federal Evidence Rule 502(a) shall apply when the Producing Party uses or indicates that it may affirmatively use information produced under this Order to support a claim or defense in the case.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.

13. SEALING OF DOCUMENTS

13.1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

13.2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Easter District of California Local Rule ("LR") 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. LR. 141(a). However, a mere request to seal is not enough under the local rules. In particular, LR 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons

1  to be permitted access to the document, and all relevant information." LR. 141(b) (emphasis
2  added).

3       13.3   A request to seal material must normally meet the high threshold of showing that
4  "compelling reasons" support secrecy; however, where the material is, at most, "tangentially
5  related" to the merits of a case, the request to seal may be granted on a showing of "good cause."
6  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016), petition
7  for cert. filed, ___ U.S.L.W. ___ (U.S. March 24, 2016) (No. 15-1211); Kamakana v. City and
8  County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

9       13.4   Nothing in this order shall limit the testimony of parties or non-parties, or the use
10 of certain documents, at any court hearing or trial – such determinations will only be made by the
11 court at the hearing or trial, or upon appropriate motion.

12      14.    POST-ISSUANCE HANDLING

13      14.1   With respect to motions regarding any disputes concerning this protective order
14 which the parties cannot informally resolve, the parties shall follow the procedures outlined in
15 LRule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex
16 parte basis or on shortened time.

17      14.2   The parties may not modify the terms of this Protective Order without the court's
18 approval. If the parties agree to a potential modification, they shall submit a stipulation and
19 proposed order for the court's consideration.

20      14.3.  Pursuant to LR 141.1(f), the court will not retain jurisdiction over enforcement of
21 the terms of this Protective Order after the action is terminated.

22      15.    FINAL DISPOSITION

23      Within 60 days after the final disposition of this action, as defined in Section 4, each
24 Receiving Party must return all Protected Material to the Producing Party or destroy such
25 material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,
26 compilations, summaries, and any other format reproducing or capturing any of the Protected
27 Material. Whether the Protected Material is returned or destroyed, the Receiving Party must
28 submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

DATED:  August 23, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE