UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRULITE GLASS AND ALUMINIM SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GEOFF SMITH, TYRONE YOUNT, NATHAN WITKIN, BRYAN McNABB, PATRICK J. SHASBY, JR. and CALIFORNIA GLASS & MIRROR CORP.,<br><br>    Defendants. | No.  2:16-01798-cv-JAM-CKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

   This matter came before the Court on Plaintiff Trulite Glass and Aluminum Solutions' ("Trulite") motion for preliminary injunction.  ECF No. 29.  The Court heard oral argument on Trulite's motion on October 4, 2016.  Having considered Trulite's motion and supporting memorandum of law and declarations, as well as the arguments of counsel for the parties at the hearing, this Court finds that Trulite is likely to succeed on the merits of its claims that Defendants Nathan Witkin ("Witkin") and Bryan McNabb ("McNabb") (collectively, "Defendants") misappropriated trade secrets of Trulite in violation of Cal. Civ. Code § 3426.1

1

*et seq.* and 18 U.S.C. § 1836 *et seq.* Trulite is likely to succeed in showing that the information at issue, which consists of Trulite's customer, pricing, financial, and other sensitive business data, is the subject of reasonable measures to maintain its secrecy and that it derives independent economic value from not being known to Trulite's competitors. Trulite is further likely to succeed in showing that Witkin acquired trade secrets by improper means by sending confidential information to his personal email account, or, in the case of McNabb, to his new employer, a competitor of Trulite; and that Witkin and McNabb have either used or disclosed the trade secrets or attempted to do so in competition with Trulite. The Court further finds that, as to Witkin, reasonable forensic procedures are required in order to dispossess him of the trade secrets and that a limited restraint on McNabb and Witkin's competitive activities is necessary to protect the secrecy of the misappropriated information and to eliminate any unfair head start the Defendants may have gained. The Court finds that Trulite is likely to suffer irreparable harm in the absence of such preliminary relief, that the balance of equities tips in favor of granting such relief, and that the public interest also favors it. Accordingly, the Court GRANTS Trulite's motion for preliminary injunction and hereby ORDERS that Defendants Witkin and McNabb are ENJOINED as follows:

    (1) Within 10 days from the entry of this Order, Defendants shall return to Trulite all hard copies of Trulite information and documents and derivatives thereof ("Trulite Information") in their possession, custody,

        or control and will, at their cost, destroy all Trulite Information contained on their electronic devices and in their e-mail and electronic storage accounts.

(2) Defendants shall provide Trulite written certification that they have returned to Trulite all hard copies of Trulite Information in their possession, custody, or control and that they have destroyed all Trulite Information contained in their electronic devices and in their e-mail and electronic storage accounts.

(3) Defendants are enjoined, for a period of six months from the date of this order, from directly or indirectly initiating contact with any current customer of Trulite with whom Defendants had contact or for whose accounts they had responsibility while employed by Trulite, for the purpose of encouraging, inviting, suggesting, or requesting transfer of their business from Trulite to Defendants' new employer. Notwithstanding the foregoing, if a Trulite customer initiates contact with either Defendant, that Defendant may respond to and accept business from the customer. Defendants may continue dealings with former customers of Trulite's with whom Hartung already has an existing contract for services.  Defendants shall further be permitted to engage in marketing efforts directed at the glass industry as a whole, such as attending trade shows and posting general advertisements.

//

//

As to Defendant Witkin only:

    (4)   An independent computer forensics expert located in the Sacramento area selected by and at the direction of Trulite's counsel ("Expert") will (a) assist in instructing Witkin to properly identify and destroy Trulite Information, any associated metadata, and remnants or partial versions of Trulite Information residing on Witkin's devices and email and electronic storage accounts; (b) take all steps necessary to verify the destruction of Trulite Information from Witkin's devices and accounts; and (c) sequester, remove, and destroy any additional Trulite Information identified on Witkin's electronic devices or accounts during the verification process.  Before conducting the verification process, the Expert will sign a confidentiality agreement indicating that he or she will not share any information unrelated to Trulite Information viewed during the verification process. The costs of the Expert will be borne solely by Witkin.

    It is further ordered that no bond need be posted by Trulite in connection with this Order.

    IT IS SO ORDERED.

Dated: October 5, 2016

*[signature]*
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE